IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WATER ENGINEERING, INC., a Foreign Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>BIG OX ENERGY-SIOUXLAND, LLC and BIG OX ENERGY, LLC,<br><br>Defendants. | 8:19CV327<br><br>CERTIFICATION OF FACTS, FINDINGS AND RECOMMENDATION, AND ORDER |

**CERTIFIED FINDINGS OF FACT**

On January 10, 2020, Plaintiff filed a Motion and Affidavit to Compel the Examination of Judgment Debtors in Aid of Execution. (Filing No. 26.) The undersigned granted the motion and ordered the corporate representatives of Defendants Big Ox Energy-Siouxland, LLC and Big Ox Energy, LLC ("Defendants") to appear at the Roman L. Hruska Courthouse for a debtor's exam on February 26, 2020. (Filing No. 27.) At the February 26, 2020 hearing, no corporate representative or attorney appeared on Defendants' behalf. Plaintiff's counsel informed the Court that he had spoken to Defendants' attorney, John Foscato, who requested that Defendants be allowed to complete the debtor's exam by written interrogatories. Plaintiff had no objection to this request. Accordingly, the undersigned permitted the debtor's exam to be completed by written interrogatories. (Filing No. 30.) Plaintiff served Debtor Exam Interrogatories on February 26, 2020. (Ex. 1, A.) Defendants did not respond to the Interrogatories.

On May 6, 2020, Plaintiff filed a motion requesting that the Court order Defendants to answer Plaintiff's Debtor Exam Interrogatories served on February 26, 2020 and show cause why they should not be held in contempt of court for failing to answer the Interrogatories. (Filing No. 34.) The Court granted Plaintiff's motion on May 7, 2020 and ordered Defendants to answer the Interrogatories no later than June 4, 2020. (Filing No. 38.) The Court further ordered Defendants

to appear, through their corporate representatives, on June 11, 2020 in Courtroom No. 7 of the Roman L. Hruska Courthouse and show cause why they should not be held in contempt of court for failing to answer the Interrogatories. Defendants were also ordered to show cause why the Court should not award Plaintiff costs and attorney fees for Defendants' failure to respond to the Interrogatories. Defendants were advised that failure to appear at the hearing would result in a recommendation that they be held in contempt of court.

On June 11, 2020, the show cause hearing was held before the undersigned as scheduled. Attorney David Welch appeared on behalf of Plaintiff. Neither an attorney nor a corporate representative appeared on behalf of Defendants. At the hearing, the undersigned took judicial notice of the filings in this case. The Court received Exhibit 1, which is an affidavit of Mr. Welch regarding the date of the judgment in this case and the progression of the request for a debtor's exam. Exhibit 1 also indicates Defendants did not answer the written interrogatories by June 4, 2020, as the Court's order required. Mr. Welch also offered another affidavit of his, which was received by the Court as Exhibit 2. Exhibit 2 includes as an attachment an itemized billing of legal fees for time spent by Mr. Welch and his law firm in attempting to execute upon the judgment entered against Defendants. (Ex. 2.)

The undersigned stated on the record that a Findings and Recommendation would be entered recommending that Defendants be found in contempt of court and that attorney fees be awarded in an amount to be determined through a subsequent review of Exhibit 2.

## ANALYSIS

Federal courts have inherent authority "to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quotation omitted). That authority includes sanctioning "a party's failure to comply with a 'clear and specific' underlying order." *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1223 (8th Cir. 2006) (quotation omitted). If the Court finds clear and convincing evidence of civil contempt, it may impose sanctions "either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). One permissible way to sanction a defendant

for civil contempt is to order it to pay the complainant's reasonable attorney fees and costs. *See Goodyear*, 137 S. Ct. at 1186.

The undersigned will recommend that Defendants be found in contempt of court for failure to answer the Interrogatories and comply with the undersigned's show cause order. The undersigned will also recommend that Plaintiff be awarded the reasonable attorney fees and costs incurred as a result of Defendants' failure to respond to the Interrogatories. After Defendants failed to timely respond to the Interrogatories, Plaintiff moved the Court for a show cause order, which was subsequently entered by the undersigned. The show cause order directed Defendants to respond to the Interrogatories by June 4, 2020. The order also directed Defendants to appear before the Court on June 11, 2020 and show cause why they had not timely responded to the Interrogatories, as well as why the Court should not award Plaintiff costs and attorney fees for Defendants' failure to respond. Defendants were advised that failure to appear at the hearing would result in a recommendation that they be held in contempt of court. Defendants did not respond to the Interrogatories by June 4, 2020, nor did they appear for the hearing.

The question now becomes the amount of attorney fees which should be awarded. "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (quotation omitted). In evaluating a fee request, the Court relies on its experience, expertise, and knowledge of prevailing market rates and the time it takes to perform the tasks at issue. *See Hanig*, 415 F.3d at 825. The Court has broad discretion in deciding an appropriate fee award. *See Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017).

After careful review, the undersigned finds that an award of $1,267.50 is reasonable under the circumstances. Exhibit 2 shows that Mr. Welch spent 3.9 hours of billable time as a result of Defendants' failure to timely respond to the Interrogatories. The Interrogatories were served on February 26, 2020, and responses were due on March 27, 2020. Mr. Welch requests an hourly rate of $325.00 for his billable time. Based on the undersigned's experience, expertise, and knowledge of prevailing market rates, the undersigned finds Mr. Welch's requested billing rate reasonable. The undersigned further finds the amount of time it took Mr. Welch to perform the tasks listed on the billing log appropriate.

Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Brian C. Buescher that:

(1) Defendants be found in contempt of court until such time as they purge the contempt by:

    a. responding to the February 26, 2020 Debtor Examination Interrogatories; and

    b. paying the contempt sanction of $1,267.50 into the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Certification of Facts, Findings and Recommendation, and Order to the following:

John Foscato
Law Offices of John A. Foscato, S.C.
110 Packerland Dr., Suite D
P.O. Box 11062
Green Bay, WI 54307

Big Ox Energy-Siouxland, LLC
c/o Bryan Lemmens, Registered Agent
2620 Development Dr.
Green Bay, WI 54311

Big Ox Energy, LLC
c/o Bryan Lemmens, Registered Agent
2620 Development Dr.
Green Bay, WI 54311

Big Ox Energy, LLC
2620 Development Dr.
Green Bay, WI 54311

Big Ox Energy, LLC
6601 County Road R
Denmark, WI 54208

Big Ox Energy, LLC
Atten: John Foscato
1115 Main St.

4

Oconto, WI 54153

Big Ox Energy, LLC
Northwest Registered Agent Service, Inc.
Suite 100
530 S. 13th St.
Lincoln, NE 68508

Big Ox Energy-Siouxland, LLC
Northwest Registered Agent Service, Inc.
Suite 100
530 S. 13th St.
Lincoln, NE 68508

Dated this 15th day of June, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.