IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WATER ENGINEERING, INC., a Foreign Corporation;<br>               Plaintiff,<br><br>   vs.<br><br>BIG OX ENERGY, LLC, a Wisconsin Limited Liability Company; and BIG OX ENERGY-SIOUXLAND, LLC, a Wisconsin Limited Liability Company;<br>               Defendant. | 8:19-CV-327<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on the Certification of Facts, Findings, and Recommendation, and Order of United States Magistrate Judge Susan M. Bazis. Filing 45.

      On January 10, 2020, Plaintiff filed a Motion and Affidavit to Compel the Examination of Judgment Debtors in Aid of Execution. Filing 26. Judge Bazis granted the motion and ordered representatives of Defendants to appear at the Roman L. Hruska Courthouse for a debtor's exam on February 26, 2020. Filing 27; Filing 45 at 1. At the hearing, no one appeared on behalf of Defendants, and Plaintiff's counsel informed the Court that Defendants' attorney, John Foscato, requested that Defendants be allowed to complete the debtor's exam by written interrogatories. Filing 45 at 1. Judge Bazis therefore permitted the debtor's exam to proceed with written interrogatories which Plaintiff served that same day. Filing 45 at 1. Defendants failed to respond to the interrogatories. Filing 45 at 1.

      Thus, on May 6, 2020, Plaintiff filed a motion requesting that the Court order Defendants to answer the interrogatories and show cause why they should not be held in contempt for their failure to answer. Filing 45 at 1. The next day, Judge Bazis ordered Defendants to answer the interrogatories by June 4, 2020, and appear on June 11, 2020, at the Roman L. Hruska Courthouse

1

in Courtroom No. 7 to show cause (1) why they should not be held in contempt for failing to answer the interrogatories and (2) why the Court should not award Plaintiff costs and attorney's fees for Defendants' failure to respond to the interrogatories. Filing 45 at 1-2. The Court warned Defendants that failure to appear would result in a recommendation that they be held in contempt of court. Filing 45 at 2.

As scheduled, the Court held a show cause hearing on June 11, 2020, and proceeded without anyone appearing on behalf of Defendants. Filing 45 at 2. At that time, Defendants still had not responded to the interrogatories as ordered. Filing 45 at 2. The Court received into evidence an exhibit consisting of an itemized billing of legal fees for the time Plaintiff's counsel spent attempting to execute upon the judgment the Court entered against Defendants. Filing 45 at 2.

Following the hearing, Judge Bazis issued her Certification of Facts, Findings, and Recommendation, and Order on June 15, 2020, in which she recommended the Court find that the evidence clearly and convincingly showed Defendants failed to respond to the interrogatories as ordered. Filing 45 at 3; *see also Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) ("The party moving for contempt sanctions bears the burden of proving facts warranting a civil contempt order by clear and convincing evidence."). Judge Bazis further recommended that the Court award reasonable attorney's fees and costs in the amount of $1,267.50 for 3.9 hours of billable time at a rate of $325.00 per hour. Filing 45 at 3; *see also Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186, 197 L. Ed. 2d 585 (2017) ("[O]ne permissible sanction is an assessment of attorney's fees." (internal quotation marks omitted)).

No parties objected to the Magistrate Judge's order. In accordance with 28 U.S.C. § 636(b)(1), the Court adopts the findings and recommendation in their entirety. Therefore,

IT IS ORDERED:

1. Judge Bazis's Certification of Facts, Findings, and Recommendation, and Order (Filing 45) is adopted in its entirety;

2. Defendants Big Ox Energy, LLC, and Big Ox Energy-Siouxland, LLC are in contempt of court until such time as they purge the contempt by:

    a. responding to the February 26, 2020, Debtor Examination Interrogatories; and

    b. paying the contempt sanction of $1,267.50 into the Court, at which time the Court will remit a check for that same amount payable to Water Engineering, Inc., and send it to Plaintiff's counsel Pansing, Hogan Law Firm, c/o David L. Welch, 10250 Regency Circle Suite 300 in Omaha, Nebraska 68114, with the order that said counsel provide the check to Plaintiff.

Dated this 30th day of June, 2020.

> BY THE COURT:
>
> _____
> Brian C. Buescher
> United States District Judge